UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT CURRIER<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA, et al.<br><br>Defendants. | Case No.: 20cv227-LAB (JLB)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT** |

Defendants removed this action from state court on the basis of federal question jurisdiction. They point out that Plaintiff Richard Currier, *pro se,* is bringing a claim under the Americans with Disabilities Act (ADA) that appears to concern his service dog in one of JP Morgan Chase Bank's branches. Although Currier's business at the bank involved social security benefits in his account, and he accuses the bank of impeding his attempt to withdraw the funds and falsely accusing him of loitering, it does not appear Currier is raising a claim under any federal social security laws.

In federal court, complaints must meet the pleading standard of Fed. R. Civ. P. 8, as discussed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Among other things, a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction, and a short and plain statement of the claim, showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(1) and (2).

Defendants removed this action on the basis of federal question jurisdiction. The Court's jurisdiction therefore depends on the presence of a substantial federal question. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). It is clear Currier is trying to raise a claim under the Americans with Disabilities Act based on his allegations that the bank insisted on proof that his dog was in fact a service animal and accused him of allowing the dog to wander around the bank. But the complaint does not allege any facts showing that Currier is disabled. *See* 42 U.S.C. § 12102 (defining disability). Nor does it allege facts showing that his dog is a service animal within the meaning of the ADA. *See* 28 C.F.R. § 36.104 ("Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability . . . .") Nor does he allege what work his dog performs for him. *See id.* ("The work or tasks performed by a service animal must be directly related to the individual's disability.") To meet the pleading standard, the complaint must allege enough factual allegations that, if accepted as true, would state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

The complaint makes clear that bank personnel had some reason to doubt whether Currier's dog was a service animal. It was elderly and in poor health; it was eleven years old, had had a 12-pound tumor removed from its stomach; had had its spleen removed; and had arthritis. Currier also says they falsely said his dog was wandering around the bank, although he does not say why this was false. In light of this, Currier should plead facts plausibly showing how his dog could have been working as his service animal, and why bank personnel would have reason to accept his explanation about the dog. He should also plead facts showing

whether his dog was on a leash or similarly restrained or was otherwise under his control.

It is understandable that Currier's complaint would not comply with federal pleading standards, because he filed it in state court and did not know it would be removed. But now that it is in federal court, the complaint must be amended to meet federal pleading standards — and in particular, to confirm that the Court has jurisdiction. *See* Fed. R. Civ. P. 81(c). Because the Court's jurisdiction depends on the presence of a substantial federal claim, the Court is required to confirm its own jurisdiction, even if the parties do not raise the issue. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

This order has only focused on the one federal claim, but the amended complaint should also satisfy federal pleading standards as to other claims as well. And it should comply with Fed. R. Civ. P. 10, and Civil Local Rule 5.1.

The complaint's heading identifies Currier as an attorney proceeding *pro se*. Apparently what Currier means is that he is serving as his own attorney, not that he is a licensed attorney. If this is incorrect and Currier is in fact a licensed attorney, his amended complaint should say so. But if he is not a licensed attorney, his amended complaint should leave out any reference to him as attorney.

By **March 10, 2020**, Currier may file an amended complaint that complies with federal pleading standards. In particular, he must plead facts showing he is disabled, and what his disability is; that his dog is a service animal within the meaning of the ADA; and what assistance his dog is trained to provide. Ordinarily a public accommodation is not permitted to require documentation of a dog's status as a service animal, but it is permitted to make inquiries about whether the dog is required because of a disability, and what work or task the dog has been trained to perform. 28 C.F.R. 36.302(c)(6). The amended complaint therefore should plead facts showing what the bank's personnel said to Currier, and how his dog was behaving in the bank.

Although the complaint was amended once already in state court, the amended complaint Currier files in response to this order should be designated First Amended Complaint.

Although Defendants contend the existence of a federal question was first apparent when Currier amended his complaint, it may have been present in his original complaint as well. The Court will not remand this case *sua sponte* on the basis of untimely removal. *See Maniar v. F.D.I.C.*, 979 F.2d 782, 784–85 (9th Cir. 1992). But if Currier intends to move for remand on the basis of untimely removal, he should do so promptly. *See* 28 U.S.C. §1447. If he decides to do this, he must file a noticed motion, obtaining a hearing date from Judge Burns' chambers, and he should give this higher priority than amending his complaint.

If Currier requires more time to prepare and file his first amended complaint, either because he is preparing a motion or for some other reason, he should file an *ex parte* motion (or a joint motion with all Defendants). The *ex parte* or joint motion should why he needs more time and estimating how much more time he needs. No hearing date is needed for an *ex parte* or joint motion.

**If Currier does not amend within the time permitted, his complaint may be dismissed in whole or in part for failure to prosecute and failure to obey the Court's order.**

**IT IS SO ORDERED**.

Dated: February 10, 2020

*Larry A. Burns*

Honorable Larry Alan Burns
Chief United States District Judge