UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT CURRIER<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA, et al.<br><br>Defendants. | Case No.: 20cv227-LAB (JLB)<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT** |

Defendant JP Morgan Chase Bank removed this action from state court on February 6, 2020, citing federal question jurisdiction. One of Plaintiff Richard Currier's claims arises under the Americans with Disabilities Act (ADA).

On February 10, the Court ordered Currier, by March 10, 2020, to file an amended complaint that complies with federal pleading standards. *See* Fed. R. Civ. P. 81(c). The Court pointed out that because Currier did not file his complaint in federal court originally, it wasn't surprising that his complaint did not attempt to comply with federal pleading standards. Nevertheless, the complaint does not comply with Fed. R. Civ. P. 8, and did not allege several facts necessary to support an ADA claim.

1

While the Court warned that failure to obey its order could result in dismissal of Currier's claims in whole or in part, the order Currier appeals from did not dismiss the action, the complaint, or any claims or parties. Federal Rule of Civil Procedure 81(a) authorizes a court to require a party to re-plead following removal. The Court's order was intended to eliminate the inevitable delay, expense, and burden on the parties and the Court that would result if Defendants were required to file a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 1. The Court was also carrying out its obligation to confirm its own jurisdiction, because the ADA claim was the only basis for jurisdiction and removal. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v.* Doyle, 429 U.S. 274, 278 (1977).

On February 24, Currier filed a motion for leave to proceed *in forma pauperis* in this Court. (Docket no. 4.) Then two days later, he filed a notice of appeal, and a motion for leave to proceed *in forma pauperis* on appeal.

Because JP Morgan Chase, as the party removing the case, has already paid the filing fee, Currier's motion to proceed *in forma pauperis* in this Court (Docket no. 4) is **DENIED AS MOOT**.

Currier's motion for leave to proceed *in forma pauperis* on appeal does not comply with Fed. R. App. P. 24(a)(1)(B) or (C). Specifically, his motion does not claim an entitlement to redress, and does not state the issue he intends to present on appeal.

Currier filed a separate 32-page notice of appeal. But even construing that as part of the motion does not help Currier. The notice does not identify any non-frivolous issue for appeal. It is confusedly says the Court is requiring him to present evidence, which isn't correct. It says the Court's conclusion that his complaint needed to be amended was wrong, but this isn't an appealable issue, particularly because the Court did not dismiss any claim or party. An order requiring a plaintiff to replead is not final, and is non-appealable. *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136–37 (9th Cir. 1997) ("[W]hen a district court expressly grants

leave to amend, it is plain that the order is not final. . . . A final judgment must be obtained before the case becomes appealable."). Having reviewed the notice of appeal, the Court cannot discern any non-frivolous appealable issue.

The Court certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). The motion (Docket no. 6) is **DENIED** without prejudice to its being granted by the Ninth Circuit.

Ordinarily, a notice of appeal deprives the District Court of jurisdiction over the matters appealed. But a notice of appeal from a non-final, non-appealable order does not deprive the Court of jurisdiction, and the Court may disregard it and proceed to adjudicate the case. *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). The Court concludes that Currier's notice of appeal from its non-final, non-appealable order does not deprive it of jurisdiction. The parties should treat this case as active and ongoing. Currier is directed to continue litigating this case, unless relieved of that obligation by this Court or the Ninth Circuit. The Court *sua sponte* extends the deadline for him to file an amended complaint, from March 10 to **March 24, 2020**. If he needs more time, he should follow the instructions set forth in the Court's February 10 order.

Currier's amended complaint should comply with Fed. R. Civ. P. 8. While he is permitted to refer to the attached exhibits in his complaint, *see* Fed. R. Civ. P. 10(c), all factual allegations necessary to support Currier's claims should be set forth in the body of the complaint. *See Ross v. Kelso*, 2016 WL 123052, at *3 (E.D. Cal., Jan. 11, 2016). Currier's amended state court complaint attached lengthy exhibits. Any reference to exhibits he wishes to attach to the amended complaint should include a precise reference, such as an exhibit number or page number. Any exhibits should comply with Civil Local Rule 5.1(e). The amended complaint should be complete in itself, without reference to earlier versions of the complaint.

Currier's notice of appeal suggests he believes it is the Court's responsibility to look through the exhibits or other pleadings he filed in state court and piece

together facts for him to support his claims. But alleging facts in the body of the complaint to support his claims is his role, not the Court's. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[Federal courts] have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record . . . and make a party's case for it.")

**Currier is again reminded that he is obligated both to obey the Court's orders and to continue prosecuting his claims. If he does not, his complaint may be dismissed in whole or in part for failure to prosecute, and for failure to obey the Court's orders.** *See* Fed. R. Civ. P. 41(b), and Civil Local Rules 83.1, 83.11(a). *See also Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the court's orders).

**IT IS SO ORDERED**.

Dated: March 2, 2020

Honorable Larry Alan Burns
Chief United States District Judge