UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT CURRIER<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA, et al.<br><br>Defendants. | Case No.: 20cv227-LAB (JLB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On March 2, the Court issued an order denying Plaintiff Richard Currier's two motions to proceed *in forma pauperis*, certifying that his interlocutory appeal was not taken in good faith, and ordering Currier to continue litigating this case. Specifically, Currier was required to file an amended complaint that complies with federal pleading standards. The order *sua sponte* extended the deadline for him to do that, to March 24, 2020.

Currier has now submitted a document called "Notice of Filing a *Proposed Order* Granting Plaintiff's Motion [Pursuant to Fed. R. Evid. 403 and 201]." The Court has accepted this for filing as a motion for reconsideration of the March 2 order. The body of the document also identifies itself as some kind of motion or request. Attached to the main document is a proposed order granting a request for

1

judicial notice. Although the order says the motion is or will be set for argument, Currier did not obtain a hearing date. This motion is not scheduled for argument or hearing.

The request is difficult to understand, but apparently the gist of it is that Currier disagrees with the March 2 order. The Court therefore construes it as a motion for reconsideration of that order.

Currier apparently thinks he is being asked to produce evidence, and is trying to do that by asking the Court to take judicial notice of his social security record, which was attached to his state court complaint. He is not being asked to produce evidence, and asking the Court to take judicial notice of documents is not a substitute for filing a complaint that meets federal pleading standards. Currier is bringing a claim under the Americans with Disabilities Act (ADA), and even if Currier were to allege that he was receiving social security disability benefits at the time Defendants discriminated against him, this is not the same as alleging he was disabled within the meaning of the ADA. *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 n.2 (9th Cir. 1996) (explaining that "disability" is defined differently for purposes of disability benefits and the ADA); *Iceberg v. Martin*, 2017 WL 396438, at *7 (W.D. Wash., Jan. 30, 2017) (collecting cases). And even if the Court were to take notice of the document, there are several other defects in his complaint that this document has nothing to do with.

To the extent Currier is attempting to make other arguments or requests, either they pertain to matters not before the Court (such as admissibility of evidence neither party offered and the Court did not request), or he has not raised them clearly enough. Currier's motion for reconsideration is **DENIED**.

Currier must still comply with the Court's March 2 order. This means, among other things, that he must file an amended complaint that complies with federal pleading standards. He cannot rely on the Court or Defendants to look through the record and plead his case for him. He should assume that no more requests for

reconsideration of that order will be considered or granted. If Currier does not file an amended complaint as ordered, his ADA claim may be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

Dated: March 5, 2020

_Larry A. Burns_
Honorable Larry Alan Burns
Chief United States District Judge