UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT CURRIER<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, NA, et al.<br><br>Defendants. | Case No.: 20cv227-LAB (JLB)<br><br>**ORDER DENYING REQUESTS FOR JUDICIAL NOTICE** |

Since the Court directed Plaintiff Richard Currier to file an amended complaint, he has submitted four substantial documents asking the Court to take judicial notice. The Court on March 5 construed his first motion as a motion for reconsideration, and denied the request. The order explained that Currier had not been asked to produce evidence, and that "asking the Court to take judicial notice of documents is not a substitute for filing a complaint that meets federal pleading standards." (Docket no. 12 at 2:9–11.) After that, Currier submitted three more documents asking for judicial notice.

Judicial notice is unnecessary for reasons the Court has already explained. Furthermore, most of the documents are not appropriate for judicial notice.

The Court has already made clear it does cannot comb through Currier's exhibits and plead his case for him. But even if the Court were inclined to do this,

and could do this, it apparently would not help Currier plead his case, because the exhibits do little to supply missing facts that the Court directed Currier to allege. In fact, they tend to confirm the defects the Court noted in the complaint. These include (among other things), Currier's failure to plead facts showing he is disabled within the meaning of the Americans with Disabilities Act (ADA), and the implausibility that his dog either was or appeared to be acting as a service animal within the meaning of the ADA.

It may be that Currier is disabled for ADA purposes and that his dog is a service animal for ADA purposes. But he must plead facts in his complaint showing those things. Receiving social security disability benefits does not show that he is disabled for ADA purposes. The fact that he has monocular vision is consistent with his being disabled, but it is not the same as being disabled. *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 565–66 (1999) (citation omitted) ("While some impairments may invariably cause a substantial limitation of a major life activity . . . we cannot say that monocularity does."); 42 U.S.C. § 12102 (defining disability). Later amendments to the ADA do not appear to have undermined the Supreme Court's holding on this issue. *See, e.g., Littlefield v. Nevada*, *ex rel. Dept. of Pub. Safety*, 195 F. Supp. 3d 1147 (D. Nev. 2016) (applying *Kirkingburg* to hold that plaintiff with monocular vision was not disabled under the ABA). And bearing in mind his dog's age and health problems as well as the lack of any facts suggesting it was trained to do anything, he has not alleged facts plausibly showing that it was a service animal under the ADA, or that Defendants' employees would have known this. See 28 C.F.R. § 36.104 (definition of service animal).

These are just examples of what Currier must plead. To meet federal pleading standards, his entire amended complaint must plead allege enough factual allegations that, if accepted as true, would state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/ / /

All requests for judicial notice filed in the docket or submitted for filing are **DENIED**. Any more such requests will be summarily rejected for filing. To the extent Currier is asking the Court to reconsider any of its earlier rulings, his requests are **DENIED**.

Currier previously claimed he needed more time to prepare his amended complaint. He also claimed that the cost of printing his amended complaint and delivering it to the Court for filing were much of a burden for him. But after being directed to file his amended complaint, he filed a notice of appeal; two motions to proceed *in forma pauperis*; and six lengthy documents no one asked him for, four of which are duplicative. It is obvious he has plenty of time, and enough money to print voluminous documents and deliver them to the Court.

Currier is **ORDERED** prepare and file his amended complaint as ordered, no later than **April 6, 2020**. Until then, he is **ORDERED** to stop filing requests for judicial notice. He should not expect that he will be granted any more extensions of time to file his amended complaint, or that any requests for reconsideration will be entertained or granted.

After Currier files his amended complaint (or if the deadline passes without his having filed one), Defendant should answer, file a dispositive motion, or otherwise defend.

**IT IS SO ORDERED**.

Dated: March 16, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge